**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CHARLIE WILLIAMS,

        Movant,

    v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL ACTION NO.: 2:21-cv-74

(Case No.: 2:19-cr-67)

### <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Respondent's Motion to Dismiss and Movant

Charlie Williams' ("Williams") failure to respond to the Motion to Dismiss and to follow this

Court's Local Rules.  Doc. 4; Local R. 7.5.  For the following reasons, I **RECOMMEND** the

Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice**

Williams' 28 U.S.C. § 2255 Motion for failure to respond to the Motion to Dismiss and to follow

this Court's Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the

appropriate judgment of dismissal, and **DENY** Williams leave to appeal *in forma pauperis* and a

Certificate of Appealability.[1]

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of
its intent to dismiss or an opportunity to respond."  <u>Tazoe v. Airbus S.A.S.</u>, 631 F.3d 1321, 1336 (11th
Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and
Recommendation provides such notice and opportunity to respond.  <u>See Shivers v. Int'l Bhd. of Elec.
Workers Local Union, 349</u>, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of
a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report
recommending the sua sponte granting of summary judgment); <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F.
Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would

## BACKGROUND

Williams, who is represented by counsel, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence.  Doc. 1.  The Court ordered Respondent to file any desired response to Williams' Motion, and Respondent filed a Motion to Dismiss, asserting the Court should dismiss Williams' § 2255 Motion because his guilty plea was made knowingly and voluntarily and his trial counsel was not ineffective.  Doc. 4.  The Assistant United States Attorney certified she served all parties in this case, in accordance with the notice of electronic filing ("NEF") generated as a result of the filing of the Motion to Dismiss.  Id. at 24.  Indeed, the electronic receipt for the Motion to Dismiss indicates a NEF was sent to Williams' counsel at the email address she provided the Court.  NEF dated Sept. 10, 2021 and time stamped 1:42 PM EDT.  There is nothing before the Court indicating the Motion to Dismiss or the NEF failed to reach Williams' counsel.  Williams had 14 days to respond to the Motion to Dismiss, and that time has elapsed with no response, indicating no objection.  Local R. 7.5 (providing 14 days to respond to a motion and "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

## DISCUSSION

The Court must now determine how to address Williams' failure to comply with this Court's Local Rules and to respond to the Motion to Dismiss.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss and

---

be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Williams his suit is due to be dismissed.  As indicated below, Williams will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**DISMISS without prejudice** Williams' § 2255 Motion.  I also **RECOMMEND** the Court

**DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal and **DENY** Williams leave to appeal *in forma pauperis* and a Certificate of

Appealability.

I.      **Dismissal for Failure to Follow This Court's Local Rules**

A district court may dismiss a movant's claims for failure to prosecute based on Federal

Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.[2]  Link v.

Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718

(11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432

F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal

of a movant's claims where he has failed to prosecute those claims, comply with the Federal

Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also

Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th

Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R.

41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any

action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience

or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's

"power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt

---

[2]      Pursuant to Rule 12 of the Rules Governing Section 2255 Cases, the Federal Rules of Civil
Procedure may apply to a § 2255 motion, to the extent the Civil Rules are not inconsistent with the § 2255
Rules.

[3]      In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even
without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, Williams'
counsel, as a member of this Court's roll of attorneys, has a duty to at least be familiar with the Court's
Local Rules and to respond to opposing counsel's motions.  See Local R. 7.5, 41.1(a) (allowing Court to
sua sponte dismiss any action for want of prosecution), 83 (duties of attorneys, generally).

disposition of lawsuits." <u>Brown v. Tallahassee Police Dep't</u>, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." <u>Thomas v. Montgomery Cnty. Bd. of Educ.</u>, 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting <u>Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)</u>, 62 F.3d 1356, 1366 (11th Cir. 1995)); <u>see also</u> <u>Taylor v. Spaziano</u>, 251 F. App'x 616, 619 (11th Cir. 2007) (citing <u>Morewitz</u>, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  <u>Taylor</u>, 251 F. App'x at 619; <u>see also</u> <u>Coleman</u>, 433 F. App'x at 719; <u>Brown</u>, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  <u>See</u> <u>Coleman</u>, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); <u>Brown</u>, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Williams failed to respond to the Motion to Dismiss or comply with this Court's Local Rules.  Doc. 4; Local R. 7.5.  Thus, the Court should **DISMISS without prejudice** Williams' § 2255 Motion.  Doc. 1.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Williams leave to appeal *in forma pauperis*. Though Williams has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas

petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Id.</u> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  <u>Miller-El</u>, 537 U.S. at 336.

Based on the above analysis of Williams' failure to comply with this Court's Local Rules or otherwise respond to the Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  If the Court adopts this recommendation and denies Williams a Certificate of Appealability, Williams is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Williams' 28 U.S.C. § 2255 Motion based on his failure to follow this Court's Local Rules and to respond to the Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams leave to appeal *in forma pauperis* and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of October, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA