# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 219-067 |
| CHARLIE WILLIAMS, | |
| Defendant. | |

**ORDER**

Before the Court is Defendant Charlie Williams's motion for sentence reduction. Dkt. No. 90. The Government has responded in opposition, dkt. no. 93, and the motion is ripe for review.

Pursuant to a written plea agreement, dkt. no. 80, Defendant pleaded guilty to a lesser included offense of Count 1 of the Indictment, that is, possession with intent to distribute five grams or more of methamphetamine, and quantities of hydromorphone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Dkt. No. 64. On September 29, 2020, Defendant appeared for sentencing. Based on the presentence investigation report, to which Defendant made no objection, the Court found a total offense level of 31 and a criminal history category of VI. Dkt. No. 63. Defendant is a career offender. Dkt. No. 59. Defendant's U.S. Sentencing Guidelines range was therefore 188 to 235 months' imprisonment; also applicable was a statutory five-

year mandatory minimum and a forty-year maximum. After hearing argument and considering all the relevant 18 U.S.C. § 3553(a) factors, the Court sentenced Defendant to 190 months' imprisonment, at the lower end of the guidelines range.

Now before the Court is Defendant's motion for sentence reduction. Therein, Defendant argues that, at sentencing, the Court was prohibited from sentencing him below "the maximum statutory penalty of 20 years." Dkt. No. 90 at 2. He claims that the recent decision in United States v. Garcon, 54 F.4th 1274 (11th Cir. 2022), would have allowed the Court further latitude to tailor an appropriate sentence for Defendant, which Defendant suggests should be twelve years or 144 months of imprisonment.

In Garcon, the Eleventh Circuit held that, under the "safety valve" provision of the First Step Act—which provides that certain convicted drug offenders shall be sentenced without regard to any statutory mandatory minimum sentence if the defendant *did not have* more than four criminal history points, a prior three-point offense, *and* a prior two-point violent offense—the "and" is conjunctive, not disjunctive, and thus a defendant would be disqualified from safety valve relief due to prior convictions only if he met all three conditions. 54 F.4th at 1278. Importantly, the safety valve provision allows a court to disregard any statutory minimum sentence and "impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission"

2

if a defendant meets the eligibility requirements.  18 U.S.C. § 3553(f)(1).

Defendant's arguments are misplaced.  First, Defendant was not sentenced pursuant to a statutory minimum of twenty years.  As reflected in the audio recording of the sentencing hearing and in the Court's minutes, Defendant's statutory minimum was five years, not twenty.  Second, Defendant's request for application of the safety valve provision is moot because he *was* sentenced "pursuant to the guidelines" rather than a statutory minimum.  § 3553(f)(1).  In other words, Defendant has already received the relief he requests.  Indeed, Defendant's sentence was at the lower end of his applicable sentencing guidelines.

Because Defendant's arguments for a sentence reduction lack merit, his motion, dkt. no. 90, is **DENIED**.

**SO ORDERED** this 16 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA